**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS NUNEZ-SALDANA, | No. 08-73019 |
| Petitioner, | Agency No. A078-535-242 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Juan Carlos Nunez-Saldana, a native and citizen of Peru, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's finding that, even if Nunez-Saldana's asylum application was timely, his one-time beating by political opponents and subsequent harassment did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (incidents including being "beaten by a mob of rioters" did not rise to the level of past persecution). Substantial evidence also supports the agency's finding that Nunez-Saldana failed to establish an objective basis for a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (petitioner's claims "too speculative to be credited as a basis for fear of future persecution"). Accordingly, Nunez-Saldana's asylum claim fails.

Because Nunez-Saldana failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Nahrvani v. Gonzalez*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Finally, substantial evidence supports the agency's denial of CAT relief because Nunez-Saldana failed to show it is more likely than not he will be tortured

08-73019

with the consent or acquiescence of the government if returned to Peru. *See*

*Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**